IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LORA MONTEJO, | : |
| Plaintiff, | : |
| v. | : C.A. No.: 07-565 JJF |
| CLEAN PLATE CLUB, INC. d/b/a/ 821 RESTAURANT; NATHANIEL L. GARYANTES | : TRIAL BY SIX PERSONS DEMANDED |
| Defendants. | : |

## AMENDED COMPLAINT

### INTRODUCTION

1. This is a complaint for pervasive and illegal sexual harassment and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and breach of the covenant of good faith and fair dealing, seeking compensatory and punitive damages, lost wages and benefits, front pay, attorneys' fees and costs, and equitable and other relief under 42 U.S.C. § 2000e-5(g) and at common law. This is a complaint for offensive touching and sexual harassment against Nathaniel L. Garyantes under the common law and State law.

### JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5. Supplemental jurisdiction exists over the state law claim under 28 U.S.C. § 1367.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff filed a timely complaint of gender discrimination against Defendant with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC") on or about February 8, 2006. [Exhibit A]. The DDOL found cause to believe that Plaintiff's rights were violated. [Exhibit B]. After conciliation efforts failed on July 20, 2007 the EEOC issued a Right to Sue [Exhibit C]. This complaint is filed within ninety (90) days of Plaintiff's receipt of the Right to Sue.

## THE PARTIES

5. Plaintiff Lora D. Montejo (Ms. Montejo) is a female who was employed by Defendant from April 2004 until she was constructively discharged in January 2006 by the continuing criminal and illegal sexual conduct and comments by the owner of the Defendant Nathaniel Garyantes.

6. Defendant Clean Plate Club, Inc. is a Delaware Corporation engaged in owning and running a restaurant/bar, located at 821 North Market Street, Wilmington, Delaware 19801 and doing business as 821 Restaurant. At all times relevant hereto Defendant employed more than fifteen (15) employees. Its registered agent for service of process is Nathaniel Garyantes, 821 Restaurant, 821 North Market Street, Wilmington, Delaware 19801. At all times relevant hereto, the corporation was owned by Defendant Nathaniel L. Garyantes and his wife, Alysha Garyantes. <u>At all times relevant hereto, Defendant Nathaniel L. Garyantes was a resident and citizen of the State of Delaware.</u>

## THE FACTS

7. During the course of her employment, Ms. Montejo was subjected to repeated, unlawful, unwelcome instances of sexual harassment, including unwelcome sexual comments, conduct and criminal sexual harassment and offensive touching by Nathaniel L. Garyantes. Despite her

2

objections to such conduct and her complaints to him and his wife the sexual harassment continued and became more violent..

8. The illegal sexual conduct and comments had the purpose or effect of unreasonably interfering with Ms. Montejo's work performance and created an intimidating, hostile, and offensive working environment.

9. Ms. Montejo repeatedly objected to the unwelcome conduct and comments to the owners of the Defendant and the conduct and comments only continued and intensified.

10. <u>Defendant Nathaniel L. Garyantes intentionally touched Ms. Montejo with a member of his body, knowing that she would be offended or alarmed continuing throughout her employment and culminating on about January 21, 2006, Defendant Nathaniel L. Garyantes *inter alia* grabbed Ms. Montejo's breast, and tried to kiss her against her will and without her permission.</u>

11. Defendant's owner, <u>and Defendant,</u> Nathaniel L. Garyantes, was prosecuted by the Attorney General of Delaware for his conduct towards Ms. Montejo and he pled guilty to criminal sexual harassment and two counts of offensive touching of her on April 18, 2006. [Exhibit D] He was sentenced in the Superior Court on April 18, 2006. [Exhibit E]

12. As a proximate result of Defendants' unlawful conduct, Ms. Montejo suffered and continues to suffer emotional distress, upsetment, loss of self esteem, lost wages, front pay, lost benefits, attorneys' fees.

13. Defendants acted willfully, maliciously or with reckless disregard for the federally protected rights of Ms. Montejo <u>and the personal bodily integrity and State/common law rights of Ms. Montejo.</u> Defendant Owner <u>and Defendant,</u> Nathaniel L. Garyantes, admitted his illegal conduct.

3

14. If relief is not granted, Ms. Montejo will be irreparably denied rights secured by Title VII of the 1964 Civil Rights Act, as amended.

15. Defendant breached its employment contract with Ms. Montejo by , inter alia, forcing her resignation when she complained about and objected to the illegal and criminal conduct and by engaging in such conduct through hatred, ill will or intent to injure. It acted in bad faith and maliciously through the actions and inactions of the owners. Its owner engaged in a retaliatory campaign causing the termination of Ms. Montejo's employment because of her protected actions in objecting to, resisting and complaining about the illegal conduct to which she was subjected. Its conduct and comments constituted an aspect of fraud, deceit and misrepresentation by making false and material promises to stop the conduct in an effort to cause Ms. Montejo to continue in her employment and did cause her to rely on such statements, which were false, and to continue in such employment.

16. With respect to the equitable claims Ms. Montejo lacks an adequate remedy at law.

17. Defendant Nathaniel L. Garyantes offensively touched and sexually harassed Ms. Montejo proximately causing her personal injuries and pain and suffering, some of which is permanent.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Ms. Montejo prays that judgment be entered in her favor and that she be awarded:

    A. Compensatory and punitive damages;

    B. Back pay and benefits;

    C. Front pay;

D. Injunctive relief prohibiting Defendant from engaging in and/or tolerating sexual harassment by its owners, officers, agents and employees and requiring its owners to attend training and other education on its obligations under Title VII;

E. Attorneys' fees, costs and expenses;

F. Such other and further relief as may be just and proper under the circumstances.

Respectfully submitted,

**RICHARD R. WIER, JR., P.A.**

/s/ Richard R. Wier, Jr., Esquire
Richard R. Wier, Jr. (#716)
Michele D. Allen ( #4359)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302) 888-3222 RWier@wierlaw.com

DATE: January 14, 2008